**MONTEIRO & FISHMAN LLP**
Marcus Monteiro, Esq.
    *Email: mmonteiro@mflawny.com*
91 N. Franklin Street, Suite 108
Hempstead, New York 11550
Tel.: 516/280.4600
Fax: 516/280.4530
Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| OSCAR CRUZ, ELEANOR SOLIZ, and JOSE MANCIA on behalf of themselves and others similarly situated, <br><br> Plaintiff, <br><br> -against- <br><br> DONALD CELESTINO, ULTRA SONIC INC., ULTRA SONIC RVC, INC., ULTRA SONIC EXPRESS, INC., ABC CORP. d/b/a ULTRA SONIC HAND CAR WASH, and JOHN/JANE DOES 1-10, <br><br> Defendants. | INDEX NO.: <br><br> **COMPLAINT** <br><br> FLSA COLLECTIVE ACTION RULE 23 CLASS ACTION |

Plaintiffs, OSCAR CRUZ ("OSCAR"), ELEANOR SOLIZ ("ELEANOR") and JOSE MANCIA ("JOSE") and others similarly situated current and former and current employees of Defendants who elect to opt into this action, complaining of the Defendants herein, by their attorneys, MONTEIRO & FISHMAN LLP, upon information and belief, and at all times hereinafter mentioned, allege as follows:

## NATURE OF THE ACTION

1.      Plaintiffs allege on behalf of themselves, and others similarly situated former and current employees of Defendants who elect to opt into this action, that he is entitled to, under 29 U.S.C. § 201 *et seq*. ("FLSA"), *inter alia*, from Defendants: (i) unpaid wages for overtime work performed, (i) liquidated damages, (iii) attorneys' fees, (iv) interest, and (v) all

costs and disbursements associated with this action.

2.      Plaintiffs further allege that they are entitled to, under New York Labor Law, Art. 6, §§ 190 *et seq*. and Art. 19, §§ 650 *et seq.*, (collectively "NYLL"), and N.Y. Comp. Codes R. & Regs. Tit. 12, §§ 142 and 146 from Defendants: (i) unpaid wages for overtime work performed, (ii) unpaid spread of hours wages for each day Plaintiffs worked ten or more hours, (iii) liquidated damages for failure to pay overtime premium and spread of hours pay, (iv) liquidated damages for failure to furnish Plaintiff a notice and acknowledgment at the time of hiring, (v) attorneys' fees, (vi) interest, and (vii) all costs and disbursements associated with this action.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 due to Plaintiffs' claims under FLSA, and supplemental jurisdiction over the New York state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper as Defendants conduct business in Nassau County, the wrongs complained of herein occurred in Nassau County and under 28 U.S.C. § 1391.

## PARTIES

*Plaintiff*

5.      Plaintiff, OSCAR resides in NASSAU County, New York.

6.      Plaintiff, ELEANOR resides in NASSAU County, New York.

7.      Plaintiff, JOSE, resides in NASSAU County, New York.

*Defendants*

8.      All Defendants are collectively referred to as "Defendants."

9.      ULTRA SONIC INC. is a domestic corporation duly licensed to conduct

2

business in the State of New York and maintains its principal place of business at 249-24

Jericho Turnpike, Bellerose, NY 11001.

10.     ULTRA SONIC EXPRESS INC. is a domestic corporation duly licensed to

conduct business in the State of New York and maintains its principal place of business at

640 Main Street, Westbury, NY 11590.

11.     ULTRA SONIC RVC., INC. is a domestic corporation duly licensed to

conduct business in the State of New York and maintains its principal place of business is

1 Merrick Road, Rockville Centre, NY 11570.

12.     ABC CORP. d/b/a ULTRA SONIC HAND CAR WASH ("ABC") is a New

York Corporation whose principal place of business is located at 294-24 Jericho Turnpike,

Bellerose, NY 11001, and 255-39 Jericho Turnpike, Floral Park, NY 11001, and 1 Merrick

Road, Rockville Centre, NY 11570.

13.     ULTRA SONIC INC., ULTRA SONIC EXPRESS, INC., ULTRA SONIC

RVC., INC. and ABC (collectively, the "CORPS.") have locations at 294-24 Jericho

Turnpike, Bellerose, NY 11001, 255-39 Jericho Turnpike, Floral Park, NY 11001, 1

Merrick Road, Rockville Centre, NY 11570 and a detail center at 255-39 Jericho Turnpike,

Floral Park, NY 11001.

14.     The CORPS. is a full-service car wash, detail center, and auto accessory

store that employs about 30 people at each location. According to its website, it is open

from 7:30 am to 7:30 pm Monday to Saturday, and 8:000 am to 6:00 pm on Sunday.  It

currently is seeking a "Wash Labor Manager" to work the following shifts:

# Working Shifts

Standard shifts are as follows / variations require manager approval:
Monday – Saturday: 7:15am – 7:30pm
Sunday: 7:45am – 6:00 pm

*See* https://ultrasonicexpress.com/join-our-team/

15.     DONALD CELESTINO ("DONALD") resides at 26 Rutland Avenue, Rockville Centre, NY 11570.

16.     DONALD resides at 117 Savannah Walk, Babylon, NY 11702.

17.     Upon information and belief, DONALD is (are): is the President, Chief Executive Officer or a corporate officer of the CORPS., owns, is a majority shareholder, an agent of, manager of, has active control of the CORPS.,  has operational control of the CORPS., sets the weekly work-hours of the employees, has the power to establish the wages of the employees of the CORPS., implemented and supervised the wage and hour practices and policies relating to employees, controlled significant business functions of the CORPS., determined employee salaries, made hiring decisions, maintains the employee records of the CORPS., acts directly and indirectly for and in the interest of the CORPS., hires and fires employees thereof, and exercises sufficient control of the operations of the Plaintiff so as to be an "employer" of Plaintiffs under  FLSA 29 USC § 203(d), and N.Y. Lab. Law § 190(3).

18.     DONALD exercises sufficient control of the operations of the Plaintiffs so as to be an "employer" of Plaintiffs under FLSA 29 U.S.C. § 203(d), and N.Y. Lab. Law § 190(3).

19.     The CORPS. exercises sufficient control of the operations of the Plaintiff so as to be an "employer" of Plaintiffs under FLSA 29 U.S.C. § 203(d), and N.Y. Lab. Law § 190(3).

20.     ULTRA SONIC INC., ULTRA SONIC EXPRESS, INC., ULTRA SONIC RVC., INC. and ABC regularly directs employees amongst its various entities, has common ownership, has the power to fire and hire employees of its various entities, supervised and controlled employee work schedules and conditions of its various entities, and maintained employment records of its various entities so that each entity is a joint employer of Plaintiffs herein.

21.     JOHN/JANE DOES 1-10, are managers or supervisors of the CORP., sets the weekly work-hours of the employees, has the power to establish the wages of the employees of the CORPS., implemented and supervised the wage and hour practices and policies relating to employees, controlled significant business functions of the CORP., determined employee salaries, made hiring decisions, maintains the employee records of the RPB., acts directly and indirectly for and in the interest of the CORPS., hires and fires employees thereof, and exercises sufficient control of the operations of the Plaintiff so as to be an "employer" of Plaintiffs under  FLSA 29 USC § 203(d), and N.Y. Lab. Law § 190(3).

22.     Plaintiffs are ignorant of the true names of JOHN/JANE DOES 1-10 and intend to amend this Complaint when their identities become known.

23.     At all relevant times, Defendants employed more than two persons and have been, and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a)

and 207(a).

24.     Upon information and belief, during each of the three years preceding the date of this complaint, Defendants have had gross revenues in excess of $500,000 per year.

25.     At all relevant times, Plaintiffs, in their work for Defendants, have handled and worked on goods or materials that have been moved in, or produced, for commerce.

26.     At all relevant times, the were each an "enterprise engaged in commerce or in the production of goods for commerce" under FLSA 29 U.S.C. § 203.

### FLSA COLLECTIVE ACTION ALLEGATIONS

27.     Plaintiffs bring these claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. 216(b), on behalf of all non-exempt persons employed by Defendants at any New York location on or after the date that is three years before the filing of the Complaint in this case as defined herein ("Collective Plaintiffs").

28.     At all relevant times, Plaintiffs and the other Collective Plaintiffs are, and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them one and one half times their hourly rate for work in excess of forty (40) hours per workweek. The claims of Plaintiffs stated herein are essentially the same as those of the other Collective Plaintiffs.

29.     The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 16(b) of the FLSA, 29 U.S.C. 216(B). The Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be

provided to the Collective Plaintiffs via first class mail to the last address known to Defendants.

30.     The named Plaintiffs are representative of those other workers and is acting on behalf of Defendants' current and former employees' interest, as well as his own interest in bringing this action.

## CLASS ACTION ALLEGATIONS

31.     Plaintiffs also bring their N.Y. Lab. Law claims pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt persons employed by Defendants at any New York location on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

32.     All said persons, including Plaintiffs, are referred to herein as the "Class" or the "Rule 23 Class."  The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under the F.R.C.P. 23.

33.     The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than twenty (20) members of the Class.

34.     Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

35.     Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

36.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. In addition, important public interests will be served by addressing the matter as a

class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

37.     Upon information and belief, Defendants and other employers throughout the state violated the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

38.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a)      Whether Plaintiffs and the Rule 23 Class are non-exempt from entitlement to overtime compensation for all hours worked in excess of 40 hours per week;

b)      What policies, practices and procedures Defendants implemented

9

regarding payment of overtime compensation, spread of hours, and breaks and meal periods;

c) Whether Defendants failed to pay Plaintiffs and the Rule 23 Class overtime compensation for all hours worked in excess of forty (40) hours per week within the meaning of the NYLL Article 19 § 650 *et seq*. and the supporting NYDOL Regs., 12 N.Y.C.R.R. Part 142;

d) Whether Defendants failed to pay Plaintiffs and the Rule 23 Class spread of hours pay by failing to pay an additional hour's pay when they worked more than ten (10) hours in a day, as provided by 12 N.Y.C.R.R. sect. 142-2.4;

e) Whether Defendants failed to provide Plaintiffs and the Rule 23 Class breaks and meal periods in violation of NYLL sect. 162(4);

f) Whether Defendants wrongfully interfered with the rights of Plaintiffs and the Rule 23 Class to immediate possession of earned wages and, thus, engaged in unlawful conversion of their compensation;

g) The nature and extent of the Rule 23 Class-wide injury and the appropriate measure of damages for the Class; and

h) Whether Defendants failure to pay Plaintiffs and the Rule 23 overtime compensation for all hours worked in excess of forty (40) hours per week, spread of hours pay was done willfully or with reckless disregard for the applicable federal and state wage and hours laws, and whether Defendants' failure to afford proper meal and break period was done willfully or with reckless disregard for the applicable federal

and state wage and hours laws.

## STATEMENT OF FACTS

39.    Defendants were in charge of hiring Plaintiffs.

40.    Defendants decided the job duties that Plaintiffs perform.

41.    Defendants determined Plaintiffs hourly rate of pay.

42.    Defendants determined Plaintiffs work schedule.

43.    Defendants determined the number of hours that Plaintiffs worked.

44.    Defendants managed Plaintiffs' employment, including the amount of overtime that they worked each workweek.

45.    Defendants supervised and controlled the conditions of Plaintiffs' employment.

46.    Defendants maintained Plaintiffs' employment records.

47.    Defendants have dictated, controlled, and ratified the wage and hour and related employee compensation policies.

48.    Defendants were aware of Plaintiffs work hours but failed to pay Plaintiffs the full and proper amount of wages they were entitled to each week.

49.    DONALD participated, controlled, directed, and have operational control of the operations of the CORPS.

50.    OSCAR was employed by Defendants as a car cleaner, dryer, and vacuumed cars, from about January 2014 to March 2017.  OSCAR generally worked from about 7:00 am to 7:30 pm Monday through Saturday.  OSCAR was told, and pursuant to

his pay statements, he was to be paid as follows: 2014 - $6.05 per hour; 2015 - $6.05 per hour; 2016 - $6.80 per hour; 2017 – $7.55 per hour.

51.     Defendants controlled the time-card system used to track OSCAR's work time and Defendants recorded his time.

52.     OCSAR was required to arrive at work at around 7:00 am, but upon information and belief, was prevented from punching in at that time.  Rather, OSCAR was typically punched in by Defendants between 10:00 am to 10:30 am Monday to Wednesday, and around 8:00 am on Saturday. Accordingly, OSCAR worked significant time off the clock, which he was not paid for.

53.     Despite OSCAR working about 72 hours a week, OCSCAR was paid for varying hours by check, oftentimes between 5 to 25 hours, and generally between $130.00 to $150.00 in cash for unspecified hours that were not reported to OSCAR.

54.     Additionally, OSCAR was not paid spread of hours pay for all hours worked.

55.     During the work-week of July 11, 2016 to July 17, 2016 OSCAR worked about 72 hours, but was only paid $173.00 net by check and about $110.00 in cash.  During that work-week, OSCAR was not paid an overtime premium or spread of hour pay.

56.     ELEANOR was employed by Defendants as a car cleaner, dryer, and she vacuumed cars, from about May 2017 to September 2017.  ELEANOR generally worked from about 7:00 am to 7:30 pm Monday, Tuesday, Friday, and Saturday, and 8:00 am to 8:00 pm Sunday.  ELEANOR was told, and pursuant to her pay statements, she was to be paid $7.55 per hour.

12

57.     Defendants controlled the time-card system used to track ELEANOR's work time and Defendants recorded her time.

58.     ELEANOR was required to arrive at work at around 7:15 am, but upon information and belief, was prevented from punching in at that time.  Rather, ELEANOR was typically punched in by Defendants at10:00 am to 10:30 am.   Additionally, if the car wash wasn't busy, after waiting for hours to be punched in, ELEANOR would be sent home, without any pay for those hours worked, once or twice a week.

59.     Accordingly, ELEANOR worked significant time off the clock, which she was not paid for.

60.     Despite ELEANOR working about 41 to 50 hours a week, she was paid for varying amounts by check, oftentimes about $100.00 by check, and generally between $150.00 to $200.00 in cash, for unspecified hours that were not reported to ELEANOR.

61.     Additionally, ELEANOR was not paid spread of hours pay for all hours worked.

62.     During the work-week of July 11, 2016 to July 17, 2016 ELEANOR worked about 50 hours, but was only paid about $100.00 net by check and about $150.00 in cash. During that work-week, ELEANOR was not paid an overtime premium or spread of hour pay.

63.     JOSE was employed by Defendants as a car cleaner from about October 2016 to January 2018.  JOSE generally worked from about 7:30 pm Monday through Sunday, except Wednesday.  JOSE was told, and pursuant to his pay statements, he was to be paid $7.80 per hour.

13

64.     Defendants controlled the time-card system used to track JOSE's work time and Defendants recorded his time.

65.     JOSE was required to arrive at work at around 7:15 am, but upon information and belief, was prevented from punching in at that time.  Rather, JOSE was typically punched in by Defendants 10:00 am to 10:30 am Monday, Tuesday, Thursday, and Sunday, and about 8:00 am on Friday and Saturday.   Additionally, if the car wash wasn't busy, after waiting for hours to be punched in, JOSE would be sent home, without any pay for those hours worked, once or twice a week.

66.     Accordingly, JOSE worked significant time off the clock, which he was not paid for.

67.     Despite JOSE working about 62 hours a week, JOSE was paid varying amounts by check, oftentimes between $240.00 to $320.00 net, and generally between $130.00 to $150.00 in cash for unspecified hours that were not reported to JOSE.

68.     Additionally, JOSE was not paid spread of hours pay for all hours worked.

69.     During the work-week of July 11, 2016 to July 17, 2016 JOSE worked about 62 hours, but was only paid $240.00 net by check and about $130.00 in cash.  During that work-week, JOSE was not paid an overtime premium or spread of hour pay.

70.     Defendants also dispensed tips to Plaintiffs in varying amounts.

71.     The cash portions of Plaintiffs' pay did not contain withholds for Federal Income Tax, N.Y.S. Income Tax, Social Security, and Medicare.

72.     Also, with respect to the cash paid to Plaintiffs, Defendants failed to provide a pay  statement containing gross and net wages, itemized deductions, and/or

14

itemized allowances. Accordingly, upon information and belief, Defendants failed to properly pay the payroll taxes for those cash payments to Plaintiffs like Social Security, Medicare, Federal Unemployment (FUTA), N.Y.S. Unemployment Insurance (SUI), N.Y. Reemployment, N.Y. Metropolitan Transportation Mobility Tax (MCTMT), and N.Y. Disability Benefits (SDI).

73.     Plaintiffs did not supervise any other employee and had no supervisory authority whatsoever over any other person.

74.     While Plaintiffs and Collective and Class plaintiffs, worked in excess of forty hours a week, Defendants willfully failed to pay them minimum wage and overtime compensation for the overtime hours worked.

75.     Also, Plaintiffs and Collective and Class plaintiffs, typically worked more than ten hours each day during the week, yet Defendants willfully failed to pay them spread of hours wages.

76.     When Defendants hired Plaintiffs, and Collective and Class plaintiffs, they never furnished them with a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law.

77. Defendants never paid Plaintiffs, and Collective and Class plaintiffs, wages with a pay statement containing the following information: employer's name, address and phone number, employee's name, dates covered by payment, basis of payment, hours worked, regular rates of pay, overtime rates of pay, gross and net wages, itemized deductions, and/or itemized allowances.

78. Defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights, and employee rights by the NYLL.

79. During all relevant times, Defendants failed to maintain accurate and sufficient records of those hours Plaintiffs worked and those wages paid to them.

80. Defendants knew that nonpayment of overtime would economically injure Plaintiffs, the FLSA Collective Plaintiffs and members of the Class, and violated State and Federal laws.

81. Upon information and belief, Defendants unlawfully withheld gratuities earned by employees.

82. Defendants improperly engaged in tip-pooling.

83. Defendants required employees to work off-the-clock and failed to compensate employees properly for all hours worked, including, but not limited to, spread-of-hours compensation when employees worked more than ten (10) hours per day.

84. Defendants committed the following acts against Plaintiffs, the FLSA Collective Plaintiffs and members of the Class knowingly, intentionally and willfully.

**FIRST CLAIM FOR RELIEF**
**(FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq*.**
**Brought by Plaintiffs on Behalf of Themselves**
**And the FLSA Collective Plaintiffs)**

85.    Plaintiffs, on behalf of themselves, the Class and other FLSA Collective Plaintiffs, reallege and incorporate by reference all previous paragraphs.

86.    At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to Plaintiff for those hours worked in excess of forty hours per workweek.

87.    At all relevant times, Defendants have operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the Plaintiffs and FLSA Collective Plaintiffs at one and one half times the minimum wage for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though the FLSA Collective Plaintiffs have been and are entitled to overtime.

88.    At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiffs and the FLSA Collective Plaintiffs at the required overtime rate of one and a half times the federal minimum wage for hours worked in excess of forty (40) hours per workweek.

89.    Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**(New York State Minimum Wage Act)**
**(New York Labor Law §§ 650 et seq. Brought by**
**Plaintiffs on Behalf of Themselves and the Class)**

90.    Plaintiffs, on behalf of themselves, the Class and other FLSA Collective

Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set

forth again herein.

91.    At all relevant times, Defendants employed Plaintiff and the Class within

the meaning of N.Y. Lab. Law §§ 2 and 651, and 12 N.Y.C.R.R. 146-3.2.

92.    Defendants knowingly paid the Plaintiffs and the Class less than the New

York State minimum wage.

93.    Defendants did not pay Plaintiffs and the Class the New York minimum

wage for all hours worked.

94.    Defendants' failure to pay Plaintiffs and the Class the New York minimum

wage was willful.

95.    As a result of Defendants' willful and unlawful conduct, Plaintiffs and the

Class are entitled to an award of damages, including liquidated damages, in amount to be

determined at trial, pre- and post- judgment interest, costs and attorney's fees, as provided

by N.Y. Lab. Law §663.

**THIRD CLAIM FOR RELIEF**
**(New York Overtime Violations)**
**(New York Minimum Wage Act, N.Y. Stat. §§ 650 et seq.,**
**N.Y. Comp. Codes R. & Regs. Tit. 12, § 142 – 2.2 and 146-1.4**
**Brought by Plaintiffs on Behalf of Themselves and the Class)**

96.   Plaintiffs, on behalf of themselves, the Class, and other FLSA Collective

Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set

forth again herein.

97.   Defendants willfully violated Plaintiffs' rights by failing to pay them, and the Class, overtime compensation at a rate of not less than one-half times his hourly wage for each hour worked in excess of forty hours per workweek, violating 12 N.Y.C.R.R. §§ 146-1.4, 142- 2.2.

98.   As a result of Defendant's willful and unlawful conduct, Plaintiffs and the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and- post judgment interest, costs and attorney's fees, as provided by N.Y. Lab. Law § 663.

### FOURTH CLAIM FOR RELIEF
**(New York Spread of Hours Provisions)**
**(N.Y. Lab. L. § 650 *et seq*., and N.Y. Comp. Code R. & Regs. Tit. 12, § 142-2.4(a), 142-2.18 and 146-1.6 Brought by Plaintiffs on Behalf of Themselves and the Class)**

99. Plaintiffs, on behalf of themselves, the Class, and other FLSA Collective Plaintiffs, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

100.   Plaintiffs and the Class regularly had workdays that lasted more than ten (10) hours.

101.   Defendants willfully and intentionally failed to compensate Plaintiffs and the Class one hour's pay at the basic New York minimum hourly wage rate when their workdays exceeded ten (10) hours, violating New York's spread of hours compensation regulations under 12 N.Y.C.C.R. § 146-1.6.

102.   As a result of Defendants' willful and unlawful conduct, Plaintiffs and the Class are entitled to an award of damages, including liquidated damages, in amount to

be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

## FIFTH CLAIM FOR RELIEF
### (New York Notice Requirements)
### (N.Y. Lab. L. §§195,198 Brought by Plaintiffs on Behalf of Themselves and the Class)

103.    Plaintiffs, on behalf of themselves, the Class, and other FLSA Collective Plaintiffs, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

104.    Defendants failed to furnish to Plaintiff at the time of hiring a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of N.Y. Lab. Law § 195(1) and 12 N.Y.C.C.R. § 146-2.2.

105.    Due to Defendants' violating N.Y. Lab. Law § 195(1), Plaintiffs, and the Class, are entitled to recover from Defendants liquidated damages, up to a maximum of $5,000.00 per Plaintiff, reasonable attorney's fees, and costs and disbursements of this action under N.Y. Lab. Law § 198(1-b).

20

## SIXTH CLAIM FOR RELIEF
### (New York Wage Statement Requirements)
### (N.Y. Lab. L. §195 and N.Y. Comp. Code R. & Regs. 12, § 146-2.3
### Brought by Plaintiffs on Behalf of Themselves and the Class)

106.     Plaintiffs, on behalf of themselves, the Class, and other FLSA Collective Plaintiffs, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

107.     Defendants paid  Plaintiffs, and the Class,  wages, either by cash, or with a pay stub containing the following missing and/or willfully incorrect information: employer's name, address and phone number, employee's name, dates covered by payment, basis of payment, hours worked, regular rates of pay, overtime rates of pay, gross and net wages, itemized deductions, and/or itemized allowances, violating N.Y. Lab. Law § 195(3) and 12 N.Y.C.C.R. § 146-2.3.

108.     Additionally, Defendants are required to keep records for six years, which must include an accurate records of employer's name, address and phone number, employee's name, dates covered by payment, basis of payment, hours worked, regular rates of pay, overtime rates of pay, gross and net wages, itemized deductions and/or itemized allowances.

109.     Despite its obligations, Defendants failed to keep records in accordance with 12 N.Y.C.C.R. § 146-2.1.

110.     Due to Defendants violating N.Y. Lab. Law § 195(3) and 12 N.Y.C.C.R. § 146-2.3, Plaintiffs are entitled to recover from Defendants liquidated damages, up to a maximum of $5,000.00, reasonable attorney's fees, and costs and disbursements of the action, pursuant to N.Y. Lab. Law § 198(1-d).

## SEVENTH CLAIM FOR RELIEF
### (Conversion)

111.    Plaintiffs, on behalf of themselves, the Class, and other FLSA Collective Plaintiffs, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

112.    Defendants failed to compensate Plaintiffs for wages earned during the course of their employment with Defendants.

113.    As a result, Defendants willfully interfered with Plaintiff's, and the Classes rights to immediate possession of the full amount of these wages.

114.    Because of Defendants' unlawful conversion of Plaintiffs' compensation, and to which they are entitled to immediate possession of, Plaintiffs have suffered, and will continue to suffer, substantial economic damages.

## EIGHTH CLAIM FOR RELIEF
### (Alternatively, Unjust Enrichment and Quantum Meruit)

115.    Plaintiffs, on behalf of themselves, the Class, and other FLSA Collective Plaintiffs, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

116.    Plaintiffs, and the Class, performed numerous and valuable services at the behest of Defendants.

117.    Plaintiffs, and the Class, were not paid for the reasonable value of those services.

118.    Defendants benefitted from Plaintiffs and the Classes services, at Plaintiffs' expense.

119.   Equity and good conscience require that Plaintiffs and the Class be paid the reasonable value for their services that were wrongfully withheld by Defendants in an amount to be determined at trial.

## NINTH CLAIM FOR RELIEF
### (New York Lab. Law and Federal Law Retention of Tips, Improper Tip Pool, Improper Tip Notice)

120.   Plaintiffs, on behalf of themselves, the Class, and other FLSA Collective Plaintiffs, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

121.   Under New York law, an employer may not retain any portion of an employee's wages for itself, whether or not it chooses to apply a tip credit. *See* N.Y. Labor Law §§ 196–d, 652(4); N.Y. Comp. Codes R. & Regs. tit. 12, § 137–1.4.

122.   Under 12 NYCRR §§ 146.14, 146.15, 146.16, 146.17 an employer is prohibited from tip pooling or sharing with either management or with other employees.

123.   Under 29 U.S.C. § 203(m), an employer must have informed the employee of the Section 203(m) tip credit provisions, and the employee must either have retained all tips received or participated in a permissible tip pool.

124.   Under 29 C.F.R. § 516: (a) With respect to each tipped employee whose wages are determined pursuant to section 3(m) of the Act, the employer shall maintain and preserve payroll or other records containing all the information and data required in § 516.2(a).

125.   Additionally, employees must be noticed of their hourly rate and any applicable tip credit before it may be applied.

126.  Gratuities provided by Defendants' patrons to Plaintiffs and other members of the putative class action constitute "wages" as that term is defined under Article 6 of the Labor Law, specifically including but not limited to Labor Law §§ 193, 196-d, 198(3).

127.  Defendants claims a tip credit against the statutory minimum wage, but did not record the amount that each car wash attendant received in tips as a separate item on their wage statements as required by NYCRR§142-2.5(b).

128.  Defendants did not provide car wash attendants a statement with their wages indicating the amount of tips claimed by Defendants toward the minimum wage as required by NYCRR§142-2.7.

129.  Plaintiffs do not sign a statement each pay period regarding the amount of tips they receive as required by NYCRR §142-2.10(b).

130.  Defendants did not provide a statement in writing to each Plaintiff informing them that the amount of tips they received would be counted toward the minimum wage as required by NYCRR §142-2.7.

131.  Defendants did not maintain a record of the amount of tips received by Plaintiffs.

132.  Defendants unlawfully withheld, and personally retained, portions of gratuities provided to Plaintiffs, and other members of the putative class action, improperly pooled tips, and improperly noticed Plaintiffs of such tip credit.

133.  Plaintiffs were not allowed to keep all of the tips they received.

134.  Upon information and belief, Defendants' violations were willful.

135.  By the foregoing reasons, Defendants have violated Labor Law § 190 *et seq.* and are liable to Plaintiffs and other members of the putative class in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

## <u>TENTH CLAIM FOR RELIEF</u>
### (Failure to Provide Proper Meal Periods)

136.  Plaintiffs, on behalf of themselves, the Class, and other FLSA Collective Plaintiffs, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

137.  Plaintiffs worked shifts of more than six (6) hours that extended over the noon day meal period. Additionally, Plaintiffs, and upon information and belief, began work prior to 11:00 am and worked past 7:00 pm.

138.  However, Defendants failed to provide Plaintiffs with at least two (2) separate meal periods, one between 11:00 am and 2:00 pm and the second between 5:00 pm and 7:00 pm, in violation of NYLL §§ 162(2) & (3).

139.  Upon information and belief, the New York Commissioner of Labor did not issue authority to Defendants to provide shorter meal periods, or no meal periods at all, to Plaintiff pursuant to NYLL § 162(5).

140.  By the foregoing reasons, Defendants have violated 12 NYCRR § 142-2.4 and are liable to Plaintiff, and those individuals similarly situated, in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

## <u>ELEVENTH CLAIM FOR RELIEF</u>
### (Uniform Expense)

141.  Plaintiffs, on behalf of themselves, the Class, and other FLSA Collective Plaintiffs, reallege and incorporate by reference all preceding paragraphs as if

they were set forth again herein.

142.   Consistent with their policy and pattern or practice, Defendants prohibited Plaintiffs and Rule 23 Class Members from wearing street clothes to work and required them to wear uniforms consisting of designated attire. The uniforms that Defendants mandated could not be worn as part of Plaintiffs' and the Rule 23 Class Members ordinary wardrobe. Defendants required Plaintiffs Rule 23 Class Members to wear specific or distinctive styles, colors, and quality of clothing.

143.   Consistent with their policy and pattern or practice, Defendants required Plaintiffs and Rule 23 Class Members to purchase their own uniforms and failed to reimburse Plaintiffs and the Rule 23 Class Members for these costs, in violation of NYLL and its supporting regulations.

144.   Consistent with their policy and pattern or practice, Defendants unlawfully required Plaintiffs and the Rule 23 Class Members to launder and maintain their uniforms and failed to compensate Plaintiff for these costs.

145.   Defendants further failed to reimburse Plaintiffs and Rule 23 Class Members for uniform-related expenses.

146.   Consistent with their policy and pattern or practice, Defendants' failure to reimburse Plaintiffs and the Rule 23 Class Members for their uniform-related expenses resulted in Plaintiffs and Rule 23 Class Members being paid less than the minimum wage.

147.   Defendants also failed to maintain, launder or dry clean such uniform, have failed to provide for a uniform allowance, or cover the cost of maintaining the uniform.

148.  By the foregoing reasons, Defendants have violated Labor Law and applicable N.Y. Wage Order governing the hospitality industries and are liable to Plaintiffs and other members of the putative class in an amount to be determined at trial, plus interest, liquidated damages, attorneys' fees, and costs.

**TWELFTH CLAIM FOR RELIEF**
**(Civil Damages for Fraudulent Filing of Returns)**
**(26  U.S. Code § 7434)**

149.  Plaintiffs, on behalf of themselves, the Class, and other FLSA Collective Plaintiffs, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein

150.  Defendants paid Plaintiffs, in part, in cash, "off-the-books".

151.  Such "off the book" cash payments failed to mandatorily withhold for Federal Income Tax, N.Y.S. Income Tax, Social Security, and Medicare, and Defendants failed to properly pay the payroll taxes for those cash payments like Social Security, Medicare, Federal Unemployment (FUTA), N.Y.S. Unemployment Insurance (SUI), N.Y. Reemployment, N.Y. Metropolitan Transportation Mobility Tax (MCTMT), and/or N.Y. Disability Benefits (SDI).

152.  Therefore, Defendants have willfully filed fraudulent income tax returns for those years that Plaintiffs, the Class, and other FLSA Collective Plaintiffs, were employed by them and are therefore liable thereof.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs prays this Court grant as relief the following:

a.  Designating this action as a collective action on behalf of the collective action members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA opt-

in class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual consents to sue pursuant to 29 U.S.C. § 216(b) and appointing the plaintiff and the plaintiff's attorneys to represent the collective action members;

b.   Alternatively, to designate this action as a Rule 23 class action, and appoint the plaintiff and the plaintiffs' attorneys to represent the class members;

c.   Declaring that the practices complained of herein are unlawful under the FLSA and the N.Y. Lab. Law ;

d.   Awarding all unpaid compensation due under the FLSA;

e.   Awarding Plaintiffs liquidated damages due to Defendants' willful failure to pay minimum wage and overtime compensation, under the FLSA;

f.   Awarding Plaintiffs an award of unpaid minimum wage, overtime, spread of hours, and uniform maintenance compensation, under the N.Y. Lab. Law;

h.   Awarding Plaintiffs liquidated damages due to Defendants' willful failure to pay minimum wage, overtime, and spread of hours under the N.Y. Lab. Law and FLSA;

i.   Awarding Plaintiffs liquidated damages as a result of Defendants' failure to furnish a notice at the time of hiring under the N.Y. Lab. Law;

j.   Awarding Plaintiffs liquidated damages as a result of Defendants' failure to furnish correct statements with each payment of wages under the N.Y. Lab. Law;

k.   Awarding Plaintiff damages as a result of Defendants' failure to provide notice of the tip credit, improper tip-pooling, and improper tip theft.

l.   Awarding Plaintiffs damages associated with Defendants' failure to provide meal periods.

m.  Awarding Plaintiffs damages associated with Defendants failure to

provide a uniform expense.

n.   Awarding Plaintiffs damages associated with Defendants' Fraudulent Filing of their Tax Returns;

o.   Awarding Plaintiffs pre-judgment interest;

p.   Awarding Plaintiffs post-judgment interest; and

q.   Granting such other and further relief as this Court deems just and proper.


Dated:  October 29, 2019

MONTEIRO & FISHMAN LLP

By:_____/S/_____
     Marcus Monteiro
     *mmonteiro@mflawny.com*
     91 N. Franklin Street, Suite 108
     Hempstead, New York 11550
     Telephone: (516) 280.4600
     Facsimile: (516) 280.4530

**Attorneys for Plaintiffs**
Collective Plaintiffs and
Class Plaintiffs

29